**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **THOMAS V. RYBURN**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14 C 4308 |
| **OFFICER WILLIAMS**, etc., et al., | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Thomas Ryburn ("Ryburn") has employed a printed form of 42 U.S.C. § 1983 ("Section 1983") Complaint, made available by the Clerk's Office for use by persons in custody, to sue a group of defendants for the asserted violation of Ryburn's constitutional rights in a number of respects. This memorandum order will not address the substantive viability or nonviability of Ryburn's claims,[1] directing him instead to fill in some gaps in his current submissions.

For one thing, Ryburn's accompanying In Forma Pauperis Application ("Application"), while confirming his inability to pay the full $350 filing fee up front, has not complied with the 28 U.S.C. § 1915 ("Section 1915") requirements to enable this Court to rule on an installment-basis payment of that fee. Although Section 1915(a)(2) requires that the Affidavit be accompanied by a certified copy of a prisoner's trust fund account statement covering the six-month period immediately preceding the filing of a complaint, in this instance the printout that Ryburn has furnished begins early enough but ends prematurely on May 1, 2014, even

---

[1] That task will be left for defendants if Ryburn surmounts the other hurdles described in the text so that the case can go forward.

though this lawsuit was not filed until sometime in June.[2] With the trust fund printout from Stateville Correctional Center ("Stateville") being dated May 1, 2014 and reflecting a last entry dated about ten days earlier (on April 22), a supplement carrying the printout through June 1 or a few days past that is needed.

To shift to Ryburn's Motion for Attorney Representation ("Motion") and its accompanying exhibits, they amply reflect that Ryburn has satisfied our Court of Appeals' requirement that a pro se litigant show appropriate (even though unsuccessful) efforts to obtain counsel through his or her own efforts. Accordingly this Court has obtained the name of this member of the District Court's trial bar, who is designated to represent Ryburn on a pro bono publico basis:

> **Joseph J. Duffy**
> Stetler, Duffy & Rotert, Ltd.
> 10 South LaSalle Street
> Suite 2800
> Chicago, IL 60603-1203
> (312) 338-0200
> Email: jduffy@sdrlegal.com.

Next this Court directs the Clerk of Court to issue summonses for service of the Complaint on defendants and appoints the United States Marshals Service ("Service") to carry out such service. Ryburn is notified that a completed USM-285 (Marshals Service Form) is required for each named defendant and that the Service will not attempt to make the service unless and until those required forms are received. Hence Ryburn must complete a service form

---

[2] As often happens, the precise "filing date" -- with Ryburn being given the benefit of the "mailbox rule" as defined in Houston v. Lack, 487 U.S. 266 (1988) -- is uncertain. Ryburn's signature on the Complaint is dated June    , 2014 (with the specific date being left blank), while his papers are stamped with a June 9 date of receipt in the Clerk's Office.

for each defendant and return those forms to the Clerk of Court within 35 days of the date of this order.

In carrying out its responsibilities in accordance with the preceding paragraph, the Service is directed to make all reasonable efforts to serve defendants. If any defendant is a former correctional employee who can no longer be found at the work address provided to plaintiff, Stateville shall furnish the Service with that defendant's last known address. That information shall be used only for purposes of effectuating service (or for proof of service if any dispute arises), and any documentation of the address shall be retained solely by the Service (with that address information not to be maintained in the court file or disclosed by the Service). Before attempting personal service the Service is authorized to send a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2).

In that regard, however, Ryburn's designated counsel is invited to bring the action before this Court by noticing up a motion seeking an available alternative to service by the Marshals Service. Although this Court is contemporaneously issuing another memorandum order setting an initial status hearing some distance out to allow time for the service of process and responsive pleadings, the designated counsel is encouraged not to await that date before appearing in court as just ordered.

                                        Milton I. Shadur
                                        Senior United States District Judge

Date: June 25, 2014