# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **THOMAS V. RYBURN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 4308 |
| | ) |
| **OFFICER WILLIAMS**, etc., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Stateville Correctional Center Warden Tarry Williams and Officer Perdomo of the Illinois Department of Corrections ("Department") have filed a joint answer to the First Amended Complaint ("FAC") brought against them and other defendants by prisoner plaintiff Thomas Ryburn ("Ryburn"). This memorandum order is issued sua sponte because of the problematic nature of the two asserted affirmative defenses ("ADs") that follow the Answer itself.[1]

AD 1 advances a qualified immunity defense on the predicate that the two defendants "acted in good faith and in furtherance of lawful objectives without violating Plaintiff's clearly established statutorily constitutional rights of which a reasonable person would have known."[2] Apart from its unsuitability as an AD because it is at odds with Ryburn's allegations (see

---

[1] This Court expresses no views as to the content of the Answer, including its extensive use of Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimers. Any issues that may exist in that respect are left to the litigants to address.

[2] From that assertion it would seem likely that defense counsel is referring to an "Officer Williams" (also a defendant), but every paragraph of the Answer refers to the answering "defendants" without differentiation. This Court must perforce take defense counsel at her word.

App'x ¶ 5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)), that contention raises a factual dispute that can be resolved only through an evidentiary hearing -- that is, at trial. And that being so, the prospect of sparing the officers from being sued and having to defend this action -- the basic purposes of qualified immunity -- is simply not in the cards. Accordingly AD 1 is stricken.

As for AD 2, it asserts Ryburn's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). That too poses factual issues, normally dealt with in a so-called Pavey hearing. But before this Court orders such an evidentiary hearing, defense counsel needs to flesh out that contention by providing chapter-and-verse documentation (coupled with whatever brief description may be needed for a full understanding) of the Department's records on that score. Defense counsel is given until July 30, 2015 to do so, failing which AD 2 will be deemed to have been forfeited.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 9, 2015